No. 10-5032

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————————

UNITED STATES OF AMERICA,
*Plaintiff/Appellee*,

v.

CHRISTOPHER WINFIELD,
*Defendant/Appellant*.

————————————

On Appeal From the United States District Court
for the Eastern District of Virginia
Richmond Division (The Hon. Henry E. Hudson)

————————————

BRIEF OF THE APPELLANT

————————————

MICHAEL S. NACHMANOFF
Federal Public Defender

Elizabeth S. Wilson
Assistant Federal Public Defender
Patrick L. Bryant
Appellate Attorney
Counsel for Appellant
701 East Broad Street, Suite 3600
Richmond, VA 23219
(804) 343-0800
Elizabeth_Wilson@fd.org
Patrick_Bryant@fd.org

# <u>TABLE OF CONTENTS</u>

Table of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Statement of Jurisdiction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of the Issue. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Statement of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Statement of Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Summary of Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

       The District Court Lacked Jurisdiction to Impose a Second
       Prison Sentence After It Had Already Effectively Revoked
       Supervised Release and Imposed a Prison Sentence. . . . . . . . . . . . . . 9

       A.    The Statutory Scheme Governing Supervised
             Release. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

       B.    The District Court Effectively Revoked Supervised
             Release by Imposing a Prison Sentence at the May
             Hearing. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

       C.    The District Court's Actions Create Untenable
             Logistical Problems That Can Be Easily Avoided. . . . . . . . . 14

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Request for Oral Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

(continued...)

i

Certificate of Compliance

Certificate of Service

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>

*Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Ex Parte United States*, 242 U.S. 27 (1916). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Garrity v. New Jersey*, 385 U.S. 493 (1967). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Incumaa v. Ozmint*, 507 F.3d 281 (4th Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Barton*, 26 F.3d 490 (4th Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Clown*, 794 F. Supp. 338 (D.S.D. 1992). . . . . . . . . . . . . . . . . . . . 10

*United States v. Cooper*, 962 F.2d 339 (4th Cir. 1992). . . . . . . . . . . . . . . . . . . . . . 12

*United States v. Doe*, 53 F.3d 1081 (9th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . 13

*United States v. Hardy*, 545 F.3d 280 (4th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . 15

*United States v. Hartwell*, 448 F.3d 707 (4th Cir. 2006). . . . . . . . . . . . . . . . . . . . . 9

*United States v. Holmes*, 954 F.2d 270 (5th Cir. 1992). . . . . . . . . . . . . . . . . 11, 12

*United States v. Johnson*, 581 F.3d 1310 (11th Cir. 2009). . . . . . . . . . . . . . . . . . . 8

*United States v. Johnson*, 529 U.S. 694 (2000). . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. McGee*, 981 F.2d 271 (7th Cir. 1992). . . . . . . . . . . . . . . . . . . . . . 12

*United States v. Snider*, 957 F.2d 703 (9th Cir. 1992). . . . . . . . . . . . . . . . . . . . . . 13

*Will v. United States*, 389 U.S. 90 (1967). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

<u>Statutes and Rules</u>

18 U.S.C. § 3231. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 3565. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

18 U.S.C. § 3583. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 9, 10, 11, 12

18 U.S.C. § 3742. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

28 U.S.C. § 1291. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 14

Fed. R. App. P. 4. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 14

Fed. R. Crim. P. 32.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Fed. R. Crim. P. 35. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

No. 10-5032

─────────────

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

UNITED STATES OF AMERICA,
*Plaintiff/Appellee*,

v.

CHRISTOPHER WINFIELD,
*Defendant/Appellant*.

─────────────

On Appeal From the United States District Court
for the Eastern District of Virginia
Richmond Division (The Hon. Henry E. Hudson)

─────────────

BRIEF OF THE APPELLANT

─────────────

## **STATEMENT OF JURISDICTION**

The district court initially had jurisdiction over this federal supervised release

revocation case pursuant to 18 U.S.C. § 3231 and 18 U.S.C. § 3583(e).  That court

entered an order imposing sentence on May 19, 2010.  J.A. 56.  The district court

entered another order imposing another prison sentence on September 21, 2010.  J.A.

66.  Mr. Winfield contends that the district court lacked jurisdiction to enter the

September 21 order.  Mr. Winfield filed his notice of appeal on September 23, 2010.

1

J.A. 68; *see* Fed. R. App. P. 4(b)(1), (b)(6).  Therefore, this Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

## STATEMENT OF THE ISSUE

Whether the district court had jurisdiction to impose a supervised release revocation sentence after it had already effectively revoked supervised release by previously finding Mr. Winfield guilty of violations and imposing a prison sentence.

## STATEMENT OF THE CASE

Christopher Winfield appeals from the district court's order revoking supervised release and imposing a prison sentence.  Mr. Winfield was sentenced in 2005 to 51 months of imprisonment and three years of supervised release after his guilty plea to one count of possession with intent to distribute crack cocaine.  He was released from prison and began his supervised release term in August 2007.

In October 2009, the probation officer filed a petition alleging that Mr. Winfield failed to follow instructions, failed to work regularly, and tested positive for drug use.  The officer filed an addendum in November 2009 alleging that Mr. Winfield had been charged in state court with identity theft and forging a public record.  A second addendum, filed in April 2010, noted that Mr. Winfield had been charged in state court with drug distribution offenses.

The district court held a hearing in May 2010. At the conclusion of the hearing, the court found Mr. Winfield guilty of the violations in the petition and imposed a 12-month prison sentence. The court stated that it intended to conduct further revocation proceedings at a later date. The court held a second hearing in September 2010. At that hearing, the court found Mr. Winfield guilty of additional violations and imposed another 12-month sentence. The court did not expressly indicate whether that sentence was to run concurrently or consecutively to the previously-announced 12-month sentence.

## STATEMENT OF FACTS

In November 2004, Christopher Winfield pled guilty to one count of possessing with intent to distribute crack cocaine. J.A. 5. In February 2005, the district court sentenced him to 51 months of imprisonment, to be followed by three years of supervised release. J.A. 14-16. Mr. Winfield was released from prison and began his term of supervised release in August 2007. J.A. 22.

Mr. Winfield's adjustment to supervision was mixed. He made efforts to further his education and employment opportunities by obtaining a GED. J.A. 22. He also attempted to find regular work while he completed his studies. At the instruction of the probation officer, Mr. Winfield performed community service in lieu of working. J.A. 23. He obtained a job at an auto detailing shop, but the

3

proprietor preferred to pay Mr. Winfield "under the table," so the probation officer did not consider this to be regular employment. J.A. 23, 36-37. In October 2009, the probation officer filed a petition on supervised release alleging that Mr. Winfield violated several release conditions by failing to work regularly, failing to follow the officer's instructions, and testing positive for cocaine use (based on one positive test in 2008 and one positive test in 2009). J.A. 22-23.

The probation officer later filed two addenda to the petition. In the first, filed in November 2009, the officer noted that Mr. Winfield had been charged in state court with identity theft and forgery of a public record. J.A. 24. In addition to this violation – the commission of a crime – the addendum also stated that Mr. Winfield failed to notify the officer within 72 hours of his arrest. J.A. 24. The probation officer filed a second addendum in April 2010. This filing alleged that Mr. Winfield had been charged in state court with two cocaine distribution offenses. J.A. 26.

The district court held a hearing on the petition in May 2010. J.A. 27. At the outset of the hearing, the parties expressed a desire to proceed only on the "technical" violations, that is, the violations other than those based on the state charges. J.A. 29-30. Mr. Winfield admitted to failing to notify the probation officer of his arrest, and admitted one of the positive drug tests. He denied the charge that he failed to work regularly, and denied the 2008 positive drug test. J.A. 30-31.

4

The probation officer, Antwan Harris, testified regarding his supervision of Mr. Winfield. J.A. 33-46. The officer related his efforts to assist Mr. Winfield in finding work, and his investigation of Mr. Winfield's employment status. As well, Mr. Harris testified concerning the positive drug tests and their laboratory confirmation. J.A. 34-38. Harris acknowledged that Mr. Winfield displayed some effort to find work, and that Mr. Winfield did not have a driver's license, which made these attempts difficult given the lack of public transportation where Mr. Winfield lived. J.A. 39-40.

The government noted that the advisory guideline range for these violations was 8 to 14 months, but argued that Mr. Winfield was incapable of supervision and asked the court to impose the maximum 24-month sentence and terminate supervision. J.A. 47. Counsel for Mr. Winfield pointed out that he made a genuine effort to follow the court's orders, and that his positive drug tests were widely spaced and not a recurring pattern of misconduct. J.A. 47-48. Counsel requested a sentence within the guideline range. J.A. 49.

The court found Mr. Winfield guilty of the four violations. J.A. 49-50. Mr. Winfield spoke on his own behalf and apologized to the court. He expressed a desire to help support his grandmother and raise his children, and stated that he tried the best he could to find work to do so. J.A. 51.

At that point, the court imposed a sentence of 12 months' imprisonment. J.A. 52. The parties and the court then discussed scheduling for the resolution of the

5

additional charges.  J.A. 52-54.  The court memorialized its decision in a written order.  J.A. 56.  The order stated that "the Court found by a preponderance of the evidence that Defendant violated the terms of his supervised release" and was to be "COMMITTED to the custody of the Federal Bureau of Prisons for a period of twelve (12) months."  J.A. 56.

The court held a second hearing in September 2010.  J.A. 58.  By that time, Mr. Winfield had been convicted in state court of forging a public record and of distributing cocaine, and he admitted those violations.  J.A. 59-60.  The government requested a sentence of 12 months.  J.A. 61.  Counsel for Mr. Winfield asked the court to give him no additional prison time on top of the 12 months imposed in May.  J.A. 61.  Counsel noted that Mr. Winfield would have to serve a significant period of time in state custody, and asked the court to impose the supervised release revocation sentence concurrent to the state sentences.  J.A. 62-63.  Mr. Winfield again apologized to the court and said he wanted to "be a better father, a better son to my mother, better grandson to my grandmother, a better person in society."  J.A. 64.  The court agreed that this was "a good attitude to have."  J.A. 64.

The court stated that "an adequate sentence" was "commitment to the U.S. Bureau of Prisons for a term of 12 months."  J.A. 64.  The court also stated that it was revoking supervised release, with no additional supervised release to follow Mr. Winfield's prison sentence.  J.A. 64-65.  The court filed a written order expressing

6

this judgment.  J.A. 66.  The court did not indicate whether this term was in addition to the already-imposed 12-month sentence, or whether the court felt that an adequate aggregate sentence for all the violations was 12 months.  If the court intended the September sentence to be a second 12-month sentence, it gave no hint as to whether the two 12-month sentences were to run concurrently or consecutively (for a total 24-month sentence).  Likewise, the court gave no indication regarding whether it intended the 12- or 24-month revocation sentence to run concurrently or consecutively to Mr. Winfield's state sentence.

Mr. Winfield filed a timely appeal.  J.A. 68.

## SUMMARY OF ARGUMENT

The district court lacked jurisdiction to adjudicate violations of supervised release and impose a prison sentence for them after already announcing a prison sentence at an earlier hearing.  The statutory scheme governing supervised release only authorizes a district court to impose a prison sentence after it revokes supervised release.  In Mr. Winfield's case, when the district court found him guilty of violating supervised release conditions and imposed a 12-month prison term, the court effectively revoked supervision.  This act ended Mr. Winfield's period of supervision and divested the district court of authority to order additional prison time.  Instead, the court held a second hearing, found Mr. Winfield guilty of additional violations,

7

and imposed an additional prison sentence. In essence, the district court revoked Mr. Winfield's supervised release two times.

If this Court were to countenance the district court's sequential revocation proceedings, it would lead to unworkable results. A defendant would either have to appeal the first revocation and sentence – all while facing yet more revocation proceedings in the district court – or he would have to wait until the district court revoked as many times as it liked, and then appeal, at the serious risk of finding that any challenge to the first sentence had been mooted by the passage of time. The district court should have deferred announcing a sentence until the final revocation hearing. Because the district court revoked supervised release by imposing a prison sentence in May 2010, Mr. Winfield's period of supervision had ended and the court lacked the jurisdiction to impose additional imprisonment in September 2010. This Court must vacate the district court's September 2010 order revoking supervised release and imposing 12 months of imprisonment.

## STANDARD OF REVIEW

The issue of whether the district court had jurisdiction to adjudicate alleged violations of supervised release is a legal question this Court reviews *de novo*. *See United States v. Johnson*, 581 F.3d 1310, 1311 (11th Cir. 2009); *United States v. Barton*, 26 F.3d 490, 491 (4th Cir. 1994). Even though counsel for Mr. Winfield

8

acquiesced to the district court's bifurcation of the revocation proceedings, this issue is fairly presented to the Court because "every federal appellate court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review." *Incumaa v. Ozmint*, 507 F.3d 281, 286 (4th Cir. 2007) (alteration and citation omitted). The district court's power to hear a case "can never be forfeited or waived," and jurisdiction "cannot be altered on the basis of the parties' litigation conduct." *United States v. Hartwell*, 448 F.3d 707, 715 & n.1, 717 (4th Cir. 2006); *see also id.* at 715 n.1 (noting that "[t]he objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment.") (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006)).

## **ARGUMENT**

THE DISTRICT COURT LACKED JURISDICTION TO IMPOSE A SECOND PRISON SENTENCE AFTER IT HAD ALREADY EFFECTIVELY REVOKED SUPERVISED RELEASE AND IMPOSED A PRISON SENTENCE

### A.    The Statutory Scheme Governing Supervised Release

A district court's power to modify or revoke supervised release derives from 18 U.S.C. § 3583(e). This statutory scheme gives the court limited options in adjudicating issues arising from a defendant's conduct while on release. Three of that statute's subsections provide that a court may terminate supervision, extend

supervision with modified conditions, or order home confinement in lieu of incarceration. *See* 18 U.S.C. § 3583(e)(1), (2), and (4). The remaining option permits the court to "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute. . . ." 18 U.S.C. § 3583(e)(3).

This coupling of revocation and imprisonment ("revoke. . . and require the defendant to serve in prison") makes clear that Congress intended the revocation of supervised release to be a necessary prerequisite to sentencing a defendant to prison time. Put another way, the *only* way a district court can order a defendant to serve part of his supervised release in prison is to first revoke supervised release. No other statutory authority permits a district court to impose a prison sentence in the absence of actual revocation. *See United States v. Johnson*, 529 U.S. 694, 714 (2000) (Kennedy, J., concurring) (noting that "[t]he subparts of § 3583(e) are phrased in the disjunctive; and § 3583(e)(3) must stand on its own."); *United States v. Clown*, 794 F. Supp. 338, 342 (D.S.D. 1992) (noting that "Congress has enumerated the distinct alternatives available to a district court when revoking a term of supervised release. The alternatives operate separately and were not intended to be intermingled.").

To explain, § 3583(e)(1) allows a district court to "terminate" supervision altogether and "discharge" the defendant, but does not state that doing so amounts to a revocation of supervised release. 18 U.S.C. § 3583(e)(1). Subsection (e)(2) grants

courts the power to extend the period of supervised release or modify its conditions, but says nothing about imposing prison time. 18 U.S.C. § 3583(e)(2). The final subsection, (e)(4), permits sentences of home confinement, but only in lieu of imprisonment – in other words, only after supervised release has been revoked. 18 U.S.C. § 3583(e)(4). Therefore, under the statutory regime, a district court considering imprisoning a defendant for violating supervised release must turn to subsection (e)(3). That provision states that a court may send a defendant to prison only after revoking supervised release. 18 U.S.C. § 3583(e)(3). The clear import of this statutory language, taken as a whole, is that once a defendant has been sentenced to a prison term, his supervised release has been revoked.[1]

The act of revocation has a legal significance: it ends the period of supervision, and with it, the district court's power to further adjudicate violations or impose additional prison time. As the Fifth Circuit succinctly stated, "'[r]evoke' generally means to cancel or rescind." *United States v. Holmes*, 954 F.2d 270, 272 (5th Cir. 1992), *abrogated by statute on other grounds*. That court went on to explain that "[o]nce a term of supervised release has been revoked under § 3583(e)(3), there is

---

[1] A comparison with the probation statute supports this conclusion. Under 18 U.S.C. § 3565(b)(10), a court can order, as a condition of probation, that the defendant serve time in prison during the period of probation. This prison sentence does not require the revocation of probation. The supervised release statute contains no such provision for imprisonment absent revocation.

11

nothing left to extend, modify, reduce, or enlarge under § 3583(e)(2). The term of release no longer exists." *Id.* This Court favorably quoted this language from *Holmes* and further noted that "it is logically impossible to extend a term of supervised release after it has been revoked," thus agreeing that the act of revocation has the effect of terminating supervision and ending the case. *United States v. Cooper*, 962 F.2d 339, 341 (4th Cir. 1992). Likewise, the Seventh Circuit has stated that "[w]hen a district court revokes a supervised release, the defendant must return to prison to serve the remainder of his sentence." *United States v. McGee*, 981 F.2d 271, 274 (7th Cir. 1992). The converse must also be true: When a court enters an order to "require the defendant to serve in prison all or part of the term of supervised release authorized by statute" – as the court did here in May 2010 – it has necessarily revoked the defendant's supervised release.

B.   The District Court Effectively Revoked Supervised Release by Imposing a Prison Sentence at the May Hearing

As explained above, there is no statutory authority permitting a district court to sentence a defendant to prison for violations of supervised release without first revoking supervised release. Moreover, the act of revocation terminates the period of supervision and closes the case. In Mr. Winfield's case, the district court effectively revoked supervised release when it imposed the first prison sentence at the May hearing.

12

At the conclusion of the May hearing, the court found Mr. Winfield guilty of four violations. J.A. 49-50. It then proceeded to impose a prison sentence of 12 months. J.A. 52, 56. This act by the district court served to revoke Mr. Winfield's supervised release, for as argued above, the only way a court can send a defendant to prison in these circumstances is to first revoke supervised release.

Again, the imposition of a sentence has a legal significance. A federal district court does not have an inherent, general power to send people to prison. *Ex Parte United States*, 242 U.S. 27, 42 (1916). It can only do so pursuant to an express grant of authority from Congress. *See United States v. Snider*, 957 F.2d 703, 706-07 (9th Cir. 1992) (noting that a district court cannot impose a criminal penalty absent statutory authority even where parties agree to the sentence); *see also United States v. Doe*, 53 F.3d 1081, 1083-84 (9th Cir. 1995). By rule, "'sentencing' means the oral announcement of the sentence." Fed. R. Crim. P. 35(c). That is precisely what the district court did at the May hearing – it orally announced a sentence. After that point, the court had a very limited power to "correct" the sentence within 14 days, Fed. R. Crim. P. 35(a), but the court had no authority to hold the case open, reconvene some four months later, and announce an additional prison sentence.

If the court did not revoke Mr. Winfield's supervised release at the May hearing, then the 12-month sentence it announced at that time must be a nullity, because absent revocation the court lacked the power to impose a prison term. If that

13

12-month sentence stands, then the court necessarily must have revoked Mr. Winfield's supervised release, notwithstanding any other language in the court's order (otherwise the court's order would have been nothing other than an advisory opinion). And if the court did in fact revoke supervision in May, the period of supervision ended then, and the court had no statutory authority to bring Mr. Winfield back to court to revoke him again.[2] Mr. Winfield was serving one term of supervised release; the district court could not revoke it more than once.

C.    The District Court's Actions Create Untenable Logistical Problems That Can Be Easily Avoided

The district court's decision to impose a prison sentence at the May hearing was effectively a final judgment: the court pronounced guilt, revoked supervised release, and imposed a sentence. The order was thus appealable at that time. *See* 28 U.S.C. § 1291 (providing courts of appeals with jurisdiction over appeals from "all final decisions" of the district courts). The Federal Rules of Appellate Procedure provide that an appeal must be taken within 14 days from the entry of judgment. *See* Fed. R. App. P. 4(b)(1)(A)(i). Allowing a district court to revoke and imprison, and then revoke and imprison again, would often lead to multiple appeals in the same case, as defendants challenge each sentence. This result would run afoul of the

---

[2] Notably, the criminal procedure rule for supervised release proceedings refers only to "*the* revocation hearing," and makes no mention of the possibility of multiple, sequential revocation hearings. *See* Fed. R. Crim. P. 32.1(b)(2) (emphasis added).

"general policy against piecemeal appeals[, which] takes on added weight in criminal cases." *Will v. United States*, 389 U.S. 90, 97 (1967). It is untenable to require a defendant to pursue an appeal of one sentence at the same time that he was preparing for another hearing and facing another sentence.

It would be just as untenable to require a defendant to wait until the district court revoked a second or subsequent time before appealing the first revocation sentence. Given that revocation sentences are often relatively shorter than original sentences, appeals challenging these sentences would often become moot because the defendant had to wait for the subsequent revocation and sentencing before appealing the first one. *See, e.g.*, *United States v. Hardy*, 545 F.3d 280, 285 (4th Cir. 2008) (defendant's release from prison mooted appeal of revocation sentence).

Were this Court to approve the district court's sequential revocation hearings, a defendant would be cast "between the rock and the whirlpool." *Garrity v. New Jersey*, 385 U.S. 493, 498 (1967). On the one hand, a defendant could appeal after the initial revocation, and be forced to appeal one sentence while fighting another in the district court and forcing this Court to deal with piecemeal appeals. On the other hand, or if this Court determined that an appeal after the first revocation was interlocutory, the defendant would have to wait until the entire sequence was over, potentially mooting an appeal as to the first sentence. Neither option adequately

15

protects a defendant's due process, statutory, and appellate rights, and neither option is an efficient administration of judicial resources.

In Mr. Winfield's case, the district court could have avoided this jurisdictional dilemma simply by pronouncing guilt on the violations at issue in the May hearing but deferring sentencing until the September hearing. Based on counsel's knowledge and experience, such split hearings are quite common in supervised release matters, especially when the court and the parties wish to await the disposition of state charges that form the basis of alleged violations. Had the district court found Mr. Winfield guilty at the May hearing but not pronounced a sentence at that time, Mr. Winfield would have no jurisdictional claim. However, the court did more, and its additional step of imposing a prison sentence amounted to a revocation of Mr. Winfield's supervised release. Because Mr. Winfield's supervised release was revoked and thereby concluded in May, the district court had no authority to adjudicate the violations in the September hearing or to announce an additional sentence at that time.

## CONCLUSION

The district court revoked Mr. Winfield's supervised release when it adjudicated violations and pronounced a sentence at the May 2010 revocation hearing. Once it had imposed a sentence, the district court had no statutory authority

to hold another revocation hearing and impose another sentence in September 2010.

Because the district court acted without jurisdiction, this Court must vacate its

September order and the prison sentence imposed at that time.

Respectfully submitted this 3rd day of January, 2011.


MICHAEL S. NACHMANOFF
Federal Public Defender
for the Eastern District of Virginia


_____s/   Elizabeth S. Wilson_____
Elizabeth S. Wilson
Assistant Federal Public Defender
Patrick L. Bryant
Appellate Attorney
Counsel for Appellant
701 East Broad Street, Suite 3600
Richmond, VA 23219
(804) 343-0800
Elizabeth_Wilson@fd.org
Patrick_Bryant@fd.org


## REQUEST FOR ORAL ARGUMENT

Counsel for appellant asserts that the issues raised in this brief may be more

fully developed through oral argument, and respectfully requests the same.

# <u>CERTIFICATE OF COMPLIANCE</u>

1.      This Brief of the Appellant has been prepared using WordPerfect X4 software, Times New Roman font, 14-point proportional type size.

2.      EXCLUSIVE of the corporate disclosure statement; table of contents; table of authorities; statement with respect to oral argument; any addendum containing statutes, rules, or regulations, and the certificate of service, this brief contains no more than 14,000 words, specifically 3,864 words.


I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions.  If the Court so requests, I will provide an electronic version of the brief and/or a copy of the word or line print-out.


| January 3, 2011 | s/  Elizabeth S. Wilson |
|:---:|:---|
| Date | Elizabeth S. Wilson |
| | Assistant Federal Public Defender |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 3, 2011, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF user:

N. George Metcalf, Esq.
Assistant U.S. Attorney
Office of the U.S. Attorney
600 East Main Street, Suite 1800
Richmond, VA 23219
George.Metcalf@usdoj.gov

          s/  Elizabeth S. Wilson
Elizabeth S. Wilson
Assistant Federal Public Defender